# IN THE UNITED STATES DISTRICT COCURT FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| SUN ANCILLARY MANAGEMENT, LLC, a Texas Limited Liability Company; MISSION TOXICOLOGY, LLC, a Texas Limited Liability company; INTEGRITY ANCILLARY MANAGEMENT, LLC, A Texas Limited Liability Company<br><br>Plaintiffs<br>v.<br><br>SHATTUCK HOSPITAL AUTHRORITY, an Oklahoma Public Trust and NEWMAN MEMORIAL HOSPITAL, INC., an Oklahoma Non-Profit Corporation,<br><br>Defendants | **CASE NO.**<br><br>**SA18MC0036** |

**FILED**
JAN 1 1 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## PETITION TO COMPEL ARBITRATION PURSUANT TO SECTION 4 OF THE FEDERAL ARBITRATION ACT

Sun Ancillary Management, LLC (**Sun**), Mission Toxicology, LLC (**Mission**), and Integrity Ancillary Management, LLC (**Integrity**) (collectively, **Petitioners**) bring this Petition under Section 4 of the Federal Arbitration Act, 9 U.S.C. §4 (the **Petition**), to compel arbitration of the claims asserted against them by Newman Memorial Hospital, Inc. (**NMH**) and Shattuck Hospital Authority (the **Authority**) (collectively, **Defendants**) arising out of or related to the parties' actions governed by the parties agreements (*Infra)*, which contains a mandatory arbitration provision and a mandatory forum selection clause. For their Petition, Petitioners allege:

## INTRODUCTION

1.      Defendants contractually agreed to mediate any disputes and to thereafter submit any unresolved disputes to binding arbitration in the State of Texas if mediation failed. In any case, all the parties agreed to and are bound to a mandatory arbitration provision. Contrary to the express terms of the contract, in August 2017, Defendants filed a second amended petition against Petitioners and other entitles, without mediating or arbitrating, in Ellis County, Oklahoma (the **Lawsuit**). A true and correct copy of the Lawsuit is attached as **Exhibit A**.

## THE PARTIES

2. Sun Ancillary Management, LLC is a Texas limited liability company doing business in the State of Texas.

3. Mission Toxicology, LLC is a Texas limited liability company doing business in the State of Texas.

4. NMH is a non-profit corporation existing under Oklahoma law.

5. Integrity Ancillary Management, LLC is a Texas limited liability company doing business in the State of Texas.

6. The Authority is a public trust existing under Oklahoma law.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the Petition pursuant to 28 U.S.C § 1332(a)(1) because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as Defendants' Lawsuit asserts that they "have been damaged in excess of $75,000." *See Lawsuit,* Exhibit A, at ¶81, 89.

8. Venue is proper in this court pursuant to Section 4 of the Federal Arbitration Act, U.S.C. §4, because the Agreement contains a forum selection clause providing for arbitration to take place in Bexar County, Texas. Additionally, the Agreement contains a choice of law provision providing that it shall be governed and construed in accordance with the laws of the state of Texas.

## FACTUAL ALLEGATIONS

9. On or about November 16, 2016, NMH entered into the Reference Laboratory Agreement with Sun and Mission (**Reference Agreement**). David Wanger, CEO of NMH, signed on behalf of NMH.

10. The Reference Agreement contains a mandatory arbitration provision and forum selection clause forcing the parties to arbitrate in Texas. A redacted version of the Reference Agreement is attached as **Exhibit B**. Paragraph 9.8 states the following:

> The Parties Shall use their respective best effort to settle amicably any disputes, differences, or controversies arising between the Parties out of or in connection with or in respect of this Agreement. However, if not settled then the same shall be submitted to arbitration and to the fullest extent permitted by law, be solely and finally settled by arbitration ... The Arbitration proceeding shall be held in Texas and shall be conducted in accordance with the alternative dispute resolution rules of the American Arbitration Association.

11. The Reference Agreement contains a choice of law provision requiring Texas Law to govern disputes arising out of the Reference Agreement. Exhibit B, Paragraph 9.6.

12. On or about May 27, 2016, NMH and Integrity entered into the Billing Services Agreement (**Billing Agreement**), **Sublease Agreement**, and Employee Leasing Agreement (**Employee Agreement**) attached as **Exhibit C**.

13. The Employee Agreement leased certain Integrity's employees to NMH to assist it in its operations, and the Sublease Agreement transferred Integrity's leased premises to NMH. The Employee Agreement and the Sublease Agreement contain a mandatory arbitration clause as follows:

> To the extent that the parties hereto are unable to resolve their disputes or controversies arising out of or relating to this Agreement or the performance, breach, validity, interpretation or enforcement of this Agreement, all such disputes and controversies will be resolved by binding confidential arbitration in accordance with the United States Arbitration Act and the Commercial Arbitration rules of the American Arbitration Association... Employee Agreement, 10(j) Arbitration and Sublease Agreement, 5(i), attached as **Exhibit 3**.

14. In addition, the Billing Agreement contains the below mandatory forum selection clause requiring the parties to litigate in San Antonio, Texas.

> Governing Law. This Agreement will be governed by and interpreted in accordance with the laws of the State of Texas. The parties agree that any suit or proceeding under, in connection with, or arising out of this Agreement will be instituted only in a court, whether federal or state) located in San Antonio, Bexar County, Texas. Billing Agreement, ¶13, attached as Exhibit 4.

15. The claims asserted by NMH and the Authority against Sun, Mission, and Integrity in the Lawsuit are claims that are subject to the arbitration clause in the Reference Agreement, the Employee Agreement, and the Sublease Agreement. Specifically, the Lawsuit asserts claims against Sun, Mission, and Integrity for Breach of Contract (Counts XII and XIII), Fraud (Count III), Conspiracy (Count IV), Tortious Interference with Existing Contracts (Count V), Declaratory Judgment, Accounting (Count XV), and Fraudulent Transfers (Count XVI). The arbitration provision and forum selection clause are very broad and encompass any claim that arises out of or in connection to the Agreement. The allegations in the Lawsuit turn on the validity of

reference laboratory program implemented at NMH; the reference lab program encompasses the employees, the leased space, and the billing arrangements. Because the issue arises under all of these Agreements, the arbitration clause is mandatory.

## COUNT 1
## (ORDER COMPELLING ARBITRATION PURSUANT TO 9 U.S.C. §4)

15. Petitioners re-allege and incorporate by reference the allegations contained in the foregoing paragraphs as though they are set forth in full herein.

16. The Reference Agreement, Employee Agreement, Billing Agreement, and Sublease Agreement are valid and enforceable contracts.

17. NMH and the Authority agreed to the terms of the Agreement, including the forum selection clause and arbitration provision.

18. All of the claims brought by NMH and the Authority in their lawsuit fall within the scope of the arbitration clause, which requires that any and all claims arising out of or relating to the Reference Agreement, Employee Agreement, and Sublease Agreement are to be decided in arbitration.

19. All of the claims brought by NMH and the Authority in their lawsuit fall within the scope of the forum selection clause, which designates Bexar County, Texas as the exclusive venue to litigate any and all claims arising out of or relating to the Billing Agreement.

20. Defendants filed the Lawsuit in violation of the Reference Agreement, Employee Agreement, Billing Agreement, and Sublease Agreement.

21. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §4, this Court has the authority to compel NMH and the Authority to arbitrate all claims brought against Petitioners in the Lawsuit.

22. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C§4, this Petition will be served on Defendants with five days' notice in writing of the application.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner demands judgment as follows:

1. That the Court issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling the arbitration of all claims asserted against Petitioner in the Lawsuit before a single arbitrator in San Antonio, Texas in accordance with the alternative dispute resolution rules agreed to by the parties.

2. That the Court order NMH and the Authority to consent to the stay of the judicial proceedings they initiated against Petitioners in Ellis County, Oklahoma by the filing of the Lawsuit.

3. That the Court grant any other relief in favor of Petitioners that it deems just and proper.

Respectfully submitted,

**HORNBERGER FULLER & GARZA INCORPORATED**
7373 Broadway, Suite 300
San Antonio, Texas 78209

By: _____
David W. Navarro
State Bar No. 24027683

**ATTORNEYS FOR PETITIONERS**